# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DAVID S. JOHNSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No. 2:14-cv-00857 |
| | ) | Judge Nora Barry Fischer |
| ALLEGHENY COUNTY-CITY OF | ) | Magistrate Judge Lisa Lenihan |
| PITTSBURGH, KATE BARKMAN, | ) | |
| HON. KATHLEEN DURKIN, and | ) | |
| HON. ROBERT C. MITCHELL, | ) | |
| | ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

**LISA PUPO LENIHAN,** United States Magistrate Judge.

## I.    RECOMMENDATION

It is respectfully recommended that Plaintiff's Complaint in the above-captioned case be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).[1]

## II.   REPORT

Plaintiff, David S. Johnson ("Plaintiff"), is an inmate incarcerated at the State Correctional Institution at Rockview, Pennsylvania. (ECF No. 3 at p. 1). He initiated this civil rights action by filing a Motion for Leave to Proceed *in forma pauperis,* which was granted by the Court on July 7, 2014. (ECF Nos. 1-2). For the reasons that follow, Plaintiff's Complaint should be dismissed pursuant to the screening provisions of the Prison Litigation Reform Act.

---

[1] Plaintiff also filed two Motions to Compel seeking an order requiring the Defendants respond to the specific claims raised in his Complaint. (ECF No. 4, ECF No. 5). Also pending is a Petition for Service by the U.S. Marshal. (ECF Nos. 6). In light of the recommendation that Plaintiff's Complaint be dismissed, it is further recommended that these additional Motions and Petition be dismissed as moot.

## A. *Plaintiff's allegations*

Plaintiff alleges that on March 10, 2010, he was arrested and placed in the Pennsylvania state prison in Allegheny County, Pennsylvania. (ECF No. 3 p. 2). Plaintiff states that on June 6, 2010, he filed a petition for writ of habeas corpus with the Court of Common Pleas of Allegheny County, challenging his imprisonment. *Id.* at pp. 2-3. He contends that upon receipt of his petition for writ of habeas corpus, Defendant Kate Barkman ("Barkman"), a representative of the Allegheny County government and in her capacity as the Clerk of Courts for the Allegheny County Court, conspired with Defendant Judge Kathleen A. Durkin ("Judge Durkin"), by refusing to file his habeas petition. *Id.* at p. 5. Plaintiff further avers that:

> Ms. Barkman did conspire with the Honorable Judge Kathleen A. Durkin, a representative of the judicial administration of Allegheny County, to obstruct the Plaintiff's right to file a petition for writ of habeas corpus by illegally acting in her official and individual capacity to transform the petition for writ of habeas corpus into a petition for post conviction relief, depriving Plaintiff of his rights in violation of federal law and Pennsylvania law. The refusal to file the Plaintiff's Petition for Writ of Habeas Corpus Relief as a habeas corpus action did also deny the Plaintiff his right to effective access to courts and the right to procedural due process of law and equal protection of the law as guaranteed by the Constitution of the United States.

(ECF No. 3 at pp. 5-6). Plaintiff contends that by converting his state habeas petition into one under Pennsylvania's Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq.*, his state court filing did not meet the PCRA criteria, which resulted in his claim being denied by the state court as meritless. *Id.* at p. 7.

Thereafter, Plaintiff alleges that he filed a petition for writ of habeas corpus in federal court pursuant to 28 U.S.C. § 2254. (ECF No. 3 at pp. 7-8). In this § 2254 petition, Plaintiff challenged the state court's decision to construe his state habeas petition as a PCRA petition. *Id.* at pp. 8-9. Plaintiff contends that Defendant United States Magistrate Judge Robert C. Mitchell ("Magistrate Judge Mitchell") ignored his "actual" claim and treated it as a claim challenging the

legality of his parole revocation. *Id.* at p. 9. On February 22, 2012, Magistrate Judge Mitchell issued a Memorandum Opinion and Order denying Plaintiff's § 2254 petition. *See Johnson v. Lamas*, 2012 WL 592090 (W.D.Pa. 2012).[2] Plaintiff alleges that by construing his § 2254 petition as challenging his parole revocation, Magistrate Judge Mitchell "assist[ed] the Allegheny County Defendants" by denying him his "fundamental legal rights" and "depriving him of the ability to defend his liberty." (ECF No. 3 at p. 10).

## B. Screening

This Court is required to review Plaintiff's Complaint in accordance with the amendments promulgated in the Prison Litigation Reform Act ("PLRA"), Pub.L. No. 104-34, 110 Stat. 1321 (1996). Pertinent to the case at bar is the authority granted to federal courts for *sua sponte* screening and dismissal of prisoner claims. Specifically, Congress significantly amended Title 28 of the United States Code, section 1915, which establishes the criteria for allowing an action to proceed *in forma pauperis*, *i.e.*, without the prepayment of costs. Section 1915(e) (as amended) requires the federal courts to review complaints filed by persons who are

---

[2] Plaintiff's application for a certificate of appealability was denied by the United States Court of Appeals for the Third Circuit on July 24, 2012 and his appeal was dismissed. *See Johnson v. Lamas*, No. 12-1790 (3d Cir. July 24, 2012). This Court may properly take judicial notice of docket entries, documents, and opinions filed in other cases. *See Southern Cross Overseas Agencies, Inc. v. Wah Kwong Shipping Group Ltd.*, 181 F.3d 410, 426 (3d Cir. 1999) (stating that a court "may take judicial notice of another court's opinion—not for the truth of the facts recited therein, but for the existence of the opinion, which is not subject to reasonable dispute over its authenticity."); *Carroll v. Prothonotary*, 2008 WL 5429622 at *2 (W.D.Pa. 2008) ("The court takes judicial notice of court records and dockets of the Federal District Courts."). In dismissing his appeal, the Third Circuit held that "to the extent" Plaintiff attacked the decision by the Pennsylvania court to reconfigure his state petition for writ of habeas corpus into a PCRA petition, such claim was not cognizable under 28 U.S.C. § 2254, notwithstanding his invocation of "due process." *Id.*

On January 28, 2013, Plaintiff filed a second petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. *See Johnson v. Lamas*, 2013 WL 594291 (W.D.Pa. 2013). In this second petition, Plaintiff claimed that Magistrate Judge Mitchell never ruled on the merits of his first § 2254 petition. On February 15, 2013, Magistrate Judge Mitchell issued a Memorandum Opinion and Order, observing that the Court of Appeals ruled on the issue presented in the second petition, concluding that it was not cognizable under 28 U.S.C. § 2254. *Id.* Magistrate Judge Mitchell transferred Plaintiff's petition to the United States Court of Appeals for the Third Circuit for consideration as a successive petition. *Id.* Plaintiff's appeal of this decision was dismissed by the United States Court of Appeals for the Third Circuit on June 13, 2013 for lack of jurisdiction. *See Johnson v. Lamas*, No. 13-1695 (3d Cir. June 13, 2013).

proceeding *in forma pauperis* and to dismiss, at any time, and notwithstanding any portion of the filing fee that may have been paid, any action that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).[3] A complaint is frivolous if it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), and is legally baseless if it is "based on an indisputably meritless legal theory." *Deutsch v. United States*, 67 F.3d 1080, 1085 (3d Cir. 1995).

In determining whether a claim fails to state a claim upon which relief may be granted for purposes of § 1915(e)(2)(B), courts apply the same standard applied to motions to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. *D'Agostino v. CECOM RDEC*, 436 F. App'x 70, 72 (3d Cir. 2011) (citing *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)). A complaint must be dismissed pursuant to Rule 12(b)(6) if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 554, 556, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (rejecting the traditional 12(b)(6) standard set forth in *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)); *Ashcroft v. Iqbal*, 556 U.S. 662, 678, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009) (citing *Twombly*). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The United States Court of Appeals for the Third Circuit has expounded on this standard in light of its decision in *Phillips v. County of Allegheny*, 515

---

[3]Dismissal under § 1915(e)(2) is "often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering [frivolous] complaints [,]" *Neitzke v. Williams*, 490 U.S. 319, 324, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989), or complaints which fail to state a claim on which relief may be granted.

F.3d 224 (3d Cir.2008) (construing *Twombly* in a civil rights context), and the Supreme Court's decision in *Iqbal*:

> After *Iqbal*, it is clear that conclusory or "bare-bones" allegations will no longer survive a motion to dismiss: "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S.Ct. at 1949. To prevent dismissal, all civil complaints must now set out "sufficient factual matter" to show that the claim is facially plausible. This then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 1948. The Supreme Court's ruling in *Iqbal* emphasizes that a plaintiff must show that the allegations of his or her complaints are plausible. *See Id.* at 1949-50; *see also Twombly*, 505 U.S. at 555, & n. 3.

*Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). In making this determination, the court must accept as true all allegations of the complaint and all reasonable factual inferences must be viewed in the light most favorable to the plaintiff. *Angelastro v. Prudential-Bache Sec., Inc.*, 764 F.2d 939, 944 (3d Cir. 1985). "To the extent that a complaint filed *in forma pauperis* which fails to state a claim lacks even an arguable basis in law, Rule 12(b)(6) and § 1915([e]) both counsel dismissal." *Neitzke*, 490 U.S. at 328 (footnote omitted).

Finally, a court must employ less stringent standards when considering *pro se* pleadings than when judging the work product of an attorney. *Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). When presented with a *pro se* complaint, the court should construe the complaint liberally and draw fair inferences from what is not alleged as well as from what is alleged. *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003). In a § 1983 action, the court must "apply the applicable law, irrespective of whether the pro se litigant has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002) (quoting *Holley v. Dep't of Veteran Affairs*, 165 F.3d 244, 247-48 (3d Cir. 1999)). *See also Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir. 1996) ("Since this is a § 1983 action, the [pro se] plaintiffs are entitled to relief if their complaint sufficiently alleges deprivation of any right secured by the Constitution.") (quoting

*Higgins*, 293 F.3d at 688). Notwithstanding this liberality, *pro se* litigants are not relieved of their obligation to allege sufficient facts to support a cognizable legal claim. *See, e.g., Taylor v. Books A Million, Inc.*, 296 F.3d 376, 378 (5th Cir. 2002).

## *C. Discussion*

Plaintiff is considered a "prisoner" as that term is defined under the PLRA and the Court has already granted him leave to proceed *in forma pauperis* in this action. Thus, the Court reviews his allegations in accordance with the directives provided in 28 U.S.C. § 1915(e). Plaintiff claims that the previously described actions by the various Defendants violated his constitutional rights to access the courts, to equal protection, and to due process. He seeks redress pursuant to 42 U.S.C. § 1981,[4] 42 U.S.C. § 1983,[5] and 42 U.S.C. § 1985.[6]

---

[4] Section 1981 states:

> (a) All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens, and shall be subject to like punishment, pains, penalties, taxes, licenses, and exactions of every kind, and to no other.

42 U.S.C. § 1981(a).

[5] Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State ... subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. Although Plaintiff seeks relief against all Defendants pursuant to § 1983, because Magistrate Judge Mitchell is a federal actor, the Court has construed Plaintiff's claim against him as arising under *Bivens v. Six Unknown Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971), which is the federal equivalent of the § 1983 cause of action against state actors.

[6] Section 1985 provides in relevant part:

> (2) Obstructing justice; intimidating party, witness, or juror
>
> If two or more persons in any State or Territory conspire to deter, by force, intimidation, or threat, any party or witness in any court of the United States from attending such court, or from testifying to any matter pending therein, freely, fully, and truthfully, or to injure such party or witness in his person or property on account of his having so attended or testified, or to influence the verdict,

*Claims against Judge Durkin and Magistrate Judge Mitchell*

Plaintiff's claims against Judge Durkin and Magistrate Judge Mitchell for monetary relief are barred by the doctrine of judicial immunity. A judicial officer has absolute immunity from suit for actions taken in his or her judicial capacity. *See Mireles v. Waco*, 502 U.S. 9, 12, 112 S.Ct. 286, 116 L.Ed.2d 9 (1991); *Azubuki v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006) (citing *Mireles*, 502 U.S. at 9); *Gallas v. Supreme Court of Pa.*, 211 F.3d 760, 768 (3d Cir. 2000) ("The Supreme Court has long recognized that judges are immune from suit under section 1983 for monetary damages arising from their judicial acts..").[7] A judge does not forfeit that immunity simply because his action was erroneous, done maliciously, or exceeded his authority. *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 55 L.Ed.2d 331 (1978). Judicial immunity does

---

> presentment, or indictment of any grand or petit juror in any such court, or to injure such juror in his person or property on account of any verdict, presentment, or indictment lawfully assented to by him, or of his being or having been such juror; or if two or more persons conspire for the purpose of impeding, hindering, obstructing, or defeating, in any manner, the due course of justice in any State or Territory, with intent to deny to any citizen the equal protection of the laws, or to injure him or his property for lawfully enforcing, or attempting to enforce, the right of any person, or class of persons, to the equal protection of the laws;
>
> (3) Depriving persons of rights or privileges
>
> If two or more persons in any State or Territory conspire or go in disguise on the highway or on the premises of another, for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; or for the purpose of preventing or hindering the constituted authorities of any State or Territory from giving or securing to all persons within such State or Territory the equal protection of the laws; or if two or more persons conspire to prevent by force, intimidation, or threat, any citizen who is lawfully entitled to vote, from giving his support or advocacy in a legal manner, toward or in favor of the election of any lawfully qualified person as an elector for President or Vice President, or as a Member of Congress of the United States; or to injure any citizen in person or property on account of such support or advocacy; in any case of conspiracy set forth in this section, if one or more persons engaged therein do, or cause to be done, any act in furtherance of the object of such conspiracy, whereby another is injured in his person or property, or deprived of having and exercising any right or privilege of a citizen of the United States, the party so injured or deprived may have an action for the recovery of damages occasioned by such injury or deprivation, against any one or more of the conspirators.

42 U.S.C. § 1985(2)-(3).

[7] The judicial immunity principles applied in § 1983 actions apply with equal force in the *Bivens* context. *Azubuco v. Royal*, 443 F.3d 302, 304 (3d Cir. 2006).

7

not apply to nonjudicial actions or to actions, that, while judicial in nature, are taken in the complete absence of all jurisdiction. *Gallas*, 211 F.3d at 768.

Here, all of the allegations in the Complaint regarding Judge Durkin and/or Magistrate Judge Mitchell relate to actions taken in their capacity as judges. Plaintiff's contention that Judge Durkin construed his habeas petition as a PCRA petition, as well as Magistrate Judge Mitchell's alleged failure to rule on a claim before him, both "fall squarely within the realm of protected judicial acts." *Rush v. Wiseman*, 2010 WL 1705299 at *9 (E.D.Pa. 2010) (holding that orders and decisions issued by judge during course of habeas proceeding were protected judicial acts). Moreover, Plaintiff's contention that Judge Durkin construed his habeas petition as a PCRA petition as part of a conspiracy with Defendant Barkman to deny him access to the courts does not defeat Judge Durkin's immunity. *Id.* at *9 (judicial immunity not overcome by allegations of conspiracy if very acts animating the conspiracy are normally performed by a judge). Making a decision about the construction of documents in cases pending before her is clearly a judicial act. Finally, Plaintiff has not alleged that Judge Durkin and/or Magistrate Judge Mitchell's actions were taken in the clear absence of jurisdiction. *Gallas*, 211 F.3d at 769. Because Plaintiff seeks monetary relief from Defendants who are immune from suit, *sua sponte* dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii).

***Claims against Barkman***

Barkman is similarly immune from a suit for monetary damages under the doctrine of quasi-judicial immunity since her functions are integral to the judicial process. *Gallas*, 211 F.3d at 772-73 (citing *Forrester v. White*, 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (the protections of judicial immunity extend to officials "who perform quasi-judicial functions.")). Numerous cases have recognized that immunity extends to court personnel such as

clerks and/or prothonotaries. *See, e.g., Boyce v. Dembe*, 47 Fed. Appx. 155, 159, (3d Cir. 2002) (holding that prothonotaries are entitled to absolute immunity); *Marcedes v. Barrett*, 453 F.2d 391 (3d Cir. 1971) (holding that quasi-judicial immunity applied to, *inter alia*, clerk of courts); *Jarvis v. D'Andrea*, 2014 WL 4251605 at *8 (M.D.Pa. 2014) (holding that clerk of courts was entitled to absolute quasi-judicial immunity for damages in connection with allegations that she failed to docket or notify plaintiff of filings); *Barnes v. Catalde*, 2009 WL 3769353 at *3 (W.D.Pa. 2009) (holding that clerk of court was entitled to immunity in connection with allegations that he prevented plaintiff from fully litigating an appeal from and/or a collateral attack of a criminal conviction).

Here, Plaintiff's allegations against Barkman relate to actions taken in connection with the performance of her court-related duties in docketing court documents. Accordingly, *sua sponte* dismissal is likewise warranted with respect to Barkman pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii). *See e.g.*, *Williams v. Barkman*, 2014 WL 1315992 at *1 (W.D.Pa. 2014) ("Defendants here are immune from suit because Plaintiff's claims arise out of Defendants' duties as administrators for the court, specifically, the docketing of documents and transmitting of court documents."); *Trader v. R.S.*, 2011 WL 1666931 at *9-10 (E.D.Pa. 2011) (court clerk entitled to immunity in connection with allegations that clerk made erroneous or false docket entries in criminal case).

***Claims against Allegheny County-City of Pittsburgh***

As an initial matter, although Plaintiff identified the City of Pittsburgh in the caption as a Defendant in the case, no further mention of them is made in the Complaint. With respect to Defendant Allegheny County, the only mention of this Defendant is in connection with Plaintiff's allegation against Barkman, wherein he identifies her as "a representative of the

Allegheny County government in the capacity of Clerk of Courts for the Allegheny County Court[.]" (ECF No. 3 at p. 5). Although it is not clear from the allegations in the Complaint, assuming Barkman is an employee of Allegheny County, a municipality may not be sued under § 1983 for an injury solely inflicted by its employees or agents. *Barkes v. First Correctional Medical, Inc.*, __ F.3d __, __, 2014 WL 4401051 at *6 (3d Cir. Sept.5, 2014) ("It is well-recognized that '[g]overnment officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior.' ") (citations omitted). A municipality may be liable in a § 1983 action for the violation of an individual's federal statutory or constitutional rights when it implements an official policy or custom that results in a constitutional deprivation. *See Monell v. Dept. of Soc. Servs.*, 436 U.S. 658, 694, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978) ("It is when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury that the government as an entity is responsible under § 1983."). In order to assert a claim for municipal liability under § 1983, Plaintiff must plausibly plead the existence of a municipal policy or custom, and that said policy or custom caused the alleged constitutional violation. *Monell,* 436 U.S. at 694; *McTernan v. City of York*, 564 F.3d 636, 657 (3d Cir. 2009).

In the Complaint, there are no factual allegations directed against any of the named municipal Defendants at all, much less is there the type of particularity required in order to establish their liability in the alleged wrongdoing. The Complaint fails to adhere to the general requirements of *Twombly*, *Iqbal* and *Fowler* (discussed *supra*), and, more particularly, fails to establish any basis for § 1983 liability on the part of the named municipal Defendants. Accordingly, *sua sponte* dismissal is warranted pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Of more significance, however, is the fact that any § 1983 claim asserted by Plaintiff based on the events set forth in the Complaint are seemingly barred by the applicable statute of limitations.[8] The Third Circuit Court of Appeals has long held that § 1983 claims brought in Pennsylvania are governed by the Commonwealth's residual two-year statute of limitations applicable to personal injury actions. *See McGovern v. City of Philadelphia*, 554 F.3d 114, 115 n.2 (3d Cir. 2009); *Sameric Corp. of Delaware, Inc. v. City of Philadelphia*, 142 F.3d 582, 599 (3d Cir. 1998). Since this lawsuit was commenced, at the earliest, on July 7, 2014 when Plaintiff submitted his Complaint and petition for leave to proceed *in forma pauperis* with the Clerk of Court, his § 1983 claim against Defendant Allegheny County and/or Defendant City of Pittsburgh (as well as Barkman) is barred with respect to any alleged constitutional injury occurring prior to July 7, 2012 of which he was aware or reasonably should have been aware. *See Atkin v. Johnson*, 432 F. App'x 47, 48 (3d Cir. 2011) (a cause of action under § 1983 accrues when the plaintiff knows or has reason to know of the injury that constitutes the basis of the cause of action) (citing *Sameric Corp. of Delaware, Inc., supra*, at 599).

Here, according to the allegations in the Complaint, the alleged conduct giving rise to this lawsuit (converting the habeas petition into a PCRA petition), occurred on or about June 6, 2010, when Plaintiff filed his habeas petition in state court. It is clear that Plaintiff was aware of this conduct prior to July 7, 2012, since he filed a federal habeas petition on January 11, 2012 complaining of the 2010 conduct. Accordingly, any § 1983 claim based on such wrongful action or inaction is now untimely, and will be dismissed *sua sponte* pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

---

[8] A complaint may properly be dismissed *sua sponte* under § 1915(e) on statute of limitations grounds if the untimeliness of the complaint is apparent on its face. *Cain v. City of Philadelphia Police Dept.*, 447 F. App'x 297, 298 (3d Cir. 2011) (citing *Fogel v. Pierson*, 435 F.3d 1252, 1258 (10th Cir. 2006)).

**III. CONCLUSION**

For the foregoing reasons, it is respectfully recommended that Plaintiff's Complaint be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii). It is further recommend that Plaintiff's Motions to Compel (ECF No. 4, ECF No. 5) and Petition for Service by the U.S. Marshal (ECF Nos. 6) be dismissed as moot. The Court specifically concludes, based on the explication above, that any further leave to amend the *pro se* Complaint would be futile. *See e.g., Fletcher-Harlee Corp. v. Pote Concrete Contractors, Inc.*, 482 F.3d 247, 251 (3d Cir. 2007) (dismissal of *pro se* civil rights claim without amendment where it would be futile).

In accordance with the Federal Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rile 72.D.2 of the Local Rules of Court, the parties are allowed fourteen (14) days from the date of service of this Report and Recommendation to file written objections thereto. Any party opposing such objections shall have fourteen (14) days from the date of service of objections to respond thereto. Failure to file timely objections will constitute a waiver of any appellate rights.

October 8, 2014

_____
Lisa Pupo Lenihan
Chief United States Magistrate Judge

cc:    All counsel of record
       *Via Electronic Mail*

       David S. Johnson
       AP-8174
       One Rockview Place
       Bellefonte, PA 16823
       *Via First Class U.S. Mail*